IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFIQ SABIR, | : |
|     Petitioner | : |
|     v. | : Case No. 3:22-cv-18-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |

<u>Memorandum Order</u>

As explained below, the petition is dismissed for lack of jurisdiction, and the Motion to Amend, ECF no. 14, is denied.

Petitioner Sabir is serving a 300-month federal sentence imposed in the Southern District of New York in 2007. *See* <u>Sabir v. United States</u>, 2020 WL 6131419, at *1 (S.D.N.Y. Oct. 16, 2020)(denying a motion to vacate), *certificate of appealability denied*, 2021 WL 2417578 (2d Cir. May 5, 2021), *cert. denied*, 211 L. Ed. 2d 289, 142 S. Ct. 478 (2021). He has been in federal custody at several Bureau of Prisons facilities since 2005, *see* <u>Sabir v. Williams</u>, No. 3:20-CV-0008 (VAB), 2020 WL 3489522, at *1 (D. Conn. June 26, 2020), and he has been at F.C.I. Loretto since 2019, *see* <u>Sabir v. Licon-Vitale</u>, 2022 WL 1291731 (D.Conn. Apr. 29, 2022)(discussing, *passim*, history of transfer from Danbury to Loretto); <u>United States v. Sabir</u>, 481 F. Supp. 3d 270 (S.D.N.Y. 2020)(denying motion for compassionate release).

Sabir has filed more than a few civil actions making claims under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) ("*Bivens*"); the Administrative Procedure Act, 5 U.S.C.§§ 701-706, the Federal Tort Claims Act, 28 U.S.C.§ 1346(b), and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq*. Since Sabir's arrival at Loretto, in addition to this matter that is styled as a habeas corpus petition under 28 U.S.C.§ 2241, he has pursued two other habeas corpus petition under 28 U.S.C.§ 2241 challenging disciplinary sanctions imposed at two previous prisons, <u>Sabir v. Moser</u>, Case No. 3:20-cv-59-SLH-KAP (W.D.Pa.) (report and recommendation adopted January 19, 2021) and <u>Sabir v. Warden</u>, Case No. 3:20-cv-152-SLH-KAP (W.D.Pa.)(report and recommendation filed January 11, 2022); a civil complaint raising claims under the FTCA and *Bivens*, <u>Sabir v. United States</u>, Case No. 3:21-cv-195-SLH-KAP (W.D.Pa.) (report and recommendation filed December 1, 2021, stayed May 5, 2022); and two civil complaints filed and apparently abandoned after plaintiff was advised of the filing fee, <u>Sabir v. Goral</u>, Case No. 3:21-cv-208-KAP (W.D.Pa.)(closed December 7, 2021) and <u>Sabir v. United States</u>, Case No. 3:22-cv-168-SLH-KAP (W.D.Pa.)(closed January 26, 2023). Sabir clearly knows the difference

between a habeas petition and a civil complaint, and is aware of the difference in filing fees that motivates many inmate plaintiffs to style their civil complaints as habeas petitions.

In the first section of his petition, Sabir alleges that a disciplinary action against him at F.C.I. Loretto violated the Fourth, Fifth, and Eighth Amendments. He seeks expungement of the guilty verdicts against him. ECF no. 5, Petition, ¶¶1-43. Sabir does not allege what the sanction resulted from the disciplinary proceeding, but the episode forms the basis of the complaint in Sabir v. United States, Case No. 3:21-cv-195-SLH-KAP (W.D.Pa.), and in that action Sabir alleged that the sanction, imposed after a hearing on April 15, 2020, was three months loss of commissary and phone privileges. In that case I advised Sabir that the minor sanctions ordered by the unit manager could have been imposed without any hearing. I cited Sandin v. Conner, 515 U.S. 472 (1995) (order of thirty days in solitary confinement required no due process) and Overton v. Bazzetta, 539 U.S. 126, 137 (2003)(withdrawal of visitation as disciplinary tool). I also advised Sabir in the previous action that he could not sue anyone for any alleged violation of his rights unless he first had the sanction overturned, and that if Sabir could not challenge the disciplinary sanction because it has expired, he could not file a civil suit at all. *See* Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006), *citing* Gilles v. Davis, 427 F.3d 197, 210-11 (3d Cir.2005); Fields v. Venable, 674 Fed.Appx. 225, 228 n.4 (3d Cir. 2016). Whether in its own right or because he believes it will revive his civil suit, Sabir seeks to overturn an expired sanction. Because there is no "present right" at stake, Sabir's prayer for declaratory relief does not save the claim in Section A of the petition from mootness. Ashcroft v. Mattis, 431 U.S. 171, 172 (1977). Because a federal court lacks jurisdiction to give advisory opinions about moot claims, Section A of the petition is dismissed with prejudice.

A petition for a writ of habeas corpus petition under 28 U.S.C.§ 2241 challenges the fact of a criminal conviction or the duration or execution of a sentence. *See* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001). A challenge to the conditions of one's confinement, whether injunctive relief or damages are sought, requires a civil rights complaint. *See* Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir.2002); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir.2005)(allowing use of habeas corpus to challenge the Bureau of Prisons' policies concerning release to halfway houses because the fact of confinement in a halfway house is qualitatively "very different" from confinement in a prison).

A habeas petition cannot morph into a civil complaint, and Sabir's Motion to Amend, ECF no. 14, which seeks to do just that, is denied. *See* Cardona v. Bledsoe, 681 F.3d 533 (3d Cir.2012), *cert. denied*, 568 U.S. 1077 (2012)(affirming the dismissal for lack of subject matter jurisdiction of a complaint brought as a habeas petition); Kenney v.

Warden Lewisburg USP, 591 Fed.Appx. 45, 47 (3d Cir.2014) (dismissal of a habeas petition is proper when it does not challenge the fact or duration of the petitioner's imprisonment); Gillette v. Territory of Virgin Islands, 563 Fed.Appx. 191 (3d Cir. 2014).

The balance of Sabir's petition, labeled sections B through H, is a would-be prison conditions complaint that makes no attempt to be a habeas petition. It is dismissed for lack of jurisdiction.

Sabir asserts in Section B that personnel at Loretto are violating the Religious Freedom Restoration Act because they impair his self-management of his religiously motivated fasting schedule by forbidding him from taking food from the cafeteria back to his housing unit. Sabir seeks declaratory and injunctive relief requiring the Bureau of Prisons to allow him to bring food to his housing unit as he desires. Petition, ¶¶44-56.

In the third section of his petition Sabir asserts that personnel at Loretto are violating the Eighth Amendment by assigning him to a cold and drafty cell too far from his housing unit's bathroom. Sabir seeks declaratory and injunctive relief requiring the Bureau of Prisons to move him close to the bathroom in a less uncomfortable cell. Petition, ¶¶57-68. In his Reply to the Response, Sabir states that his cell assignment was changed and this matter is moot.

The fourth section of the petition alleges that Unit Manager Miles violated the First, Fifth, and Sixth Amendments by preventing Sabir from bringing paperwork to a meeting with his attorney in the visiting room on November 8, 2019, and by forbidding the attorney from giving legal paperwork to Sabir. Sabir seeks a declaration that "Unit Manager Miles and F.C.I. Loretto" violated the Constitution and injunctive relief barring future similar orders if Sabir has future legal visits. Petition, ¶¶69-73.

Fifth, Sabir alleges that when he was transferred to the Segregated Housing Unit in April 2020 and July 2020, staff refused to give him his legal paperwork even though he told staff that he needed "to communicate urgently with my lawyers." When Sabir grieved the matter the warden at the time determined that Sabir had no need for paperwork because he had no impending deadlines in court. The warden concluded this after reading Sabir's "legal papers," which Sabir argues "violates confidentiality." Sabir seeks a declaration that "F.C.I. Loretto" violated the Constitution by denying him access to his legal papers and injunctive relief barring any denial or scrutiny of future requests for access to legal paperwork. Petition, ¶¶74-80.

Sabir's sixth segment, Section F, asserts that his transfer to Loretto in the first place was in retaliation for his challenges to the disciplinary sanction imposed on him at F.C.I. Danbury. In an amendment, ECF no. 5-3, Sabir also alleges his continued presence at Loretto violates the Equal Protection Clause because a similarly situated inmate was

transferred back to Danbury. Sabir seeks a declaration that the Bureau of Prisons violated the First Amendment by transferring him and injunctive relief transferring him back to Danbury. Petition, ¶¶81-88.

In Section G, Sabir alleges that on January 11, 2020 the corrections officer supervising his access to the visiting room violated the Eighth Amendment by requiring him to wear shoes other than the "soft shoes" Sabir has been issued for medical reasons since 2014. Sabir alleges he complied with this alleged F.C.I. Loretto policy and suffered significant pain during this visit. Sabir seeks a declaration that the alleged policy violates the Eighth Amendment and injunctive relief permitting him to wear soft shoes in the visiting room. Petition, ¶¶89-94.

Finally, Sabir alleges that the medical care at F.C.I. Loretto for his osteoporosis is inadequate. ECF no. 5-3. Sabir seeks injunctive relief ordering a bone densitometry test to permit a definitive diagnosis.

Sections B through H of the petition are dismissed for lack of subject matter jurisdiction without prejudice to filing any viable claims in one or more civil complaints subject to the Prison Litigation Act.

The Clerk shall mark this matter closed. This is a final appealable order.

DATE: February 16, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

Rafiq Sabir, Reg No. 55312-066
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630